IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHANE BILLIOT,                                    Civ. No. 07-3096-AA
                                                      OPINION AND ORDER
        Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____


Phil Studenberg
Attorney At Law
200 Pine St.
Klamath Falls, OR 97601
    Attorney for Plaintiff


Karin J. Immergut
United States Attorney
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

Franco L. Becia
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7405
    Attorneys for Defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed a claim for Disability and Supplemental Security Income benefits on March, 27, 2006, alleging disability as of May 31, 2005. Tr. 55-59, 240. After a hearing held on March 13, 2007, the Administrative Law Judge (ALJ) issued a decision on June 7, 2007, finding plaintiff not disabled. Tr. 17-29. The ALJ found that plaintiff could perform work, existing in significant numbers in the regional and national economy, as a janitor, scrap sorter, or rag sorter. Tr. 28-29.

On November 9, 2007, the Appeals Council denied plaintiff's request for review, tr. 7-9, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 32 years old at the time of the hearing. Tr. 28-

29.  Plaintiff has a high school education. Tr. 100.  His past work has been as a roustabout worker, furniture warehouse manager, fast food cashier, janitor, offshore oil rigger, and detail sander at a paint and body shop.  Tr. 96-97.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process

3    - OPINION AND ORDER

for determining whether a person is disabled.  Bowen v. Yuckert,
482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First
the Secretary determines whether a claimant is engaged in
"substantial gainful activity."  If so, the claimant is not
disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b),
416.920(b).

In step two the Secretary determines whether the claimant has
a "medically severe impairment or combination of impairments."
Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c),
416.920(c).  If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment
meets or equals "one of a number of listed impairments that the
Secretary acknowledges are so severe as to preclude substantial
gainful activity."  Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d).
If so, the claimant is conclusively presumed disabled; if not, the
Secretary proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can
still perform "past relevant work."  20 C.F.R. §§ 404.1520(e),
416.920(e).  If the claimant can work, she is not disabled.  If she
cannot perform past relevant work, the burden shifts to the
Secretary.  In step five, the Secretary must establish that the
claimant can perform other work.  Yuckert, 482 U.S. at 141-42; see
20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Secretary
meets this burden and proves that the claimant is able to perform

other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### THE ALJ'S FINDINGS

The ALJ found the following disorders suffered by plaintiff "severe" at step two in the sequential proceedings: organic brain disorder manifested by borderline intelligence; communications disorder and learning disorder (reading and writing impacted); and bilateral hearing disorder. Tr. 22-24. The ALJ found that these impairments did not meet or equal a listing at step three in the sequential proceedings. Tr. 25. The ALJ assessed the plaintiff's RFC:

> ... the claimant has a residual functional capacity with no exertional limitations. He does not have the ability to understand, remember and carry out detailed instructions. There should be a hazard precaution where hearing is a safety concern. There should be few variables requiring little judgment in job talks. There should be no extended period of concentration and limited interaction with the general public where communication is needed. There should be no high requirement for reading.

Id. The ALJ found that the plaintiff is unable to perform any past relevant work, but "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the regional and national economy that the claimant can perform;" specifically, janitor, scrap sorter, and rag sorter. Tr. 28-29. The ALJ therefore found plaintiff not disabled.

///

## **DISCUSSION**

The plaintiff alleges that the ALJ's opinion is not supported by substantial evidence in the record. Specifically, plaintiff alleges three legal errors in the ALJ's decision that constitute a failure to utilize the evidence in the record: (1) failure to provide reasons for rejection of Dr. Tibbitts' medical opinion; (2) failure to include Dr. Tibbitts' restrictions in her hypothetical question posed to the vocational expert; and (3) failure to consider Mr. Lee's treatment assessment in light of Dr. Tibbitts' medical opinion. This court addresses plaintiff's allegations in order.

A.  Dr. Tibbitts' medical opinion

Plaintiff contends that the ALJ "did not even mention Dr. Tibbitts' opinion" and "fail[ed] to provide any reasons for rejection of the opinion of Dr. Tibbitts[.]" Plaintiff's contentions are factually incorrect and therefore do not constitute error by the ALJ.

Although the ALJ did not mention Dr. Tibbitts explicitly by name, there are several references to his medical opinion in the ALJ's decision. Tr. 25-27. First, the ALJ explains the general weight given to the various medical opinions, tr. 25, and then specifically refers to plaintiff's "overall learning disability in reading and writing consistent with a learning disorder, not otherwise specified[.]" Tr. 27. This is a direct reference to Dr.

6    - OPINION AND ORDER

Tibbitts' summary and recommendation.  Tr. 177.  The ALJ also used
Dr. Tibbitts' psychological evaluation  in noting plaintiff's
"participat[ion] in housecleaning and washing dishes[.]" Tr. 27.
Far from rejecting Dr. Tibbitts' evaluation, the ALJ relied on it
and cited it in her decision.

     Plaintiff does not provide any specific instances where the
ALJ rejected Dr. Tibbitts' evaluation, or where Dr. Tibbitts'
opinions conflicts with other medical evaluations.  In fact, it
does not appear that any part of the ALJ's decision conflicts with
Dr. Tibbitts' conclusion that "work-related activities requiring
understanding and memory, particularly of verbal material, would be
extremely difficult for him.  Similarly, it would be difficult for
him to concentrate on verbal material and he is significantly
impaired in terms of academic learning."  Tr. 177.

     Dr. Tibbitts' evaluation received adequate weight in the ALJ's
decision and was fairly considered.  Because plaintiff provides no
further argument on this point, the court will not address
questions of the ALJ's responsibility and standards for resolving
conflicts in medical testimony.  The question of fact is resolved
in favor of the defendant.

B.  Use of Dr. Tibbitts' limitations in the hypothetical

     Plaintiff next contends that the ALJ "failed to pose a
hypothetical question which included Dr. Tibbitts' limitations."
This contention is also factually incorrect.  A brief comparison of

7    - OPINION AND ORDER

Dr. Tibbitts' medical opinion versus the ALJ's hypothetical question demonstrates that the limitations were properly included.

First, the ALJ's hypothetical:

I'm going to give you a hypothetical of an individual 32 years of age, he was in special education and he is only marginal [sic] literate, even though he has a high school diploma, it does not reflect on his abilities. This individual has past work as been performed by the claimant. He has no exertional limitations, however, he would need to have jobs where there are no detailed tasks, no detailed instructions. [T]here should be very few variables in the jobs and little requirement for judgment. He should have no extended periods of concentration, he would need jobs where problems with hearing would not be a hazard. He should have limited interaction with the general public where communication is needed, and there should be no jobs where there's a high requirement for reading abilities.

Tr. 274.

Next, Dr. Tibbitts' summary and recommendation:

This 22 year old individual presents with an overall learning disability primarily in reading and writing. His verbal intelligence is significantly impaired compared to his performance abilities. There was a suggestion of relative dysfunction of the left cerebral hemisphere. He demonstrated impairment in both long-term, intermediate, and immediate memory. He has a speech articulation problem and a hearing impairment. Work related activities requiring understanding and memory particularly of verbal material would be extremely difficult for him. Similarly, it would be difficult for him to concentrate on verbal material and he is significantly impaired in terms of academic learning. His social interaction and adaptation appeared adequate. His performance abilities are in the average range and he showed strengths in his perceptual organization.

Tr. 177.

When compared, the ALJ's hypothetical clearly includes Dr. Tibbitts' limitations on verbal communication, judgment, hearing,

8    - OPINION AND ORDER

memory, concentration, and reading.  I find no error by the ALJ.

C.  Treatment of Mr. Lee's opinion

Finally, plaintiff contends that Mr. Lee is "an accepted medical source" within the meaning of the Social Security Administration's ("SSA") regulations and that his opinion was improperly disregarded "in light of [Dr. Tibbitts'] opinion." Plaintiff also asserts that the  ALJ "improperly concluded that because Mr. Lee was not a physician or psychologist," he is not an accepted medical source.

As a mental health therapist, Mr. Lee's opinion is considered an "other source" opinion under the SSA Regulations. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d).  Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; Gomez v. Chater, 74 F.3d 967, 970-71. (9th Cir. 1996).  However, the ALJ is required to "consider observations by non-medical sources  as to how an impairment affects a claimant's ability to work." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).

An ALJ is obligated to give germane reasons before rejecting

9    - OPINION AND ORDER

opinions from "other sources."    Dodrill v. Shalala, 12 F.3d 915,
919 (9th Cir. 1993); Lewis v. Apfel, 236 F.3d 503, 512-514 (9th
Cir. 2001).    Here, the ALJ gave multiple relevant reasons for
rejecting Mr. Lee's opinion. Tr. 22-24.    The ALJ correctly pointed
out that Mr. Lee is not an "acceptable medical source" under the
SSA regulations.    Tr. 24.    The ALJ explained that many of
plaintiff's subjective complaints were reported by his girlfriend,
tr. 238, who the ALJ found not credible. Tr. 23-24.    The ALJ also
described inconsistencies in the records and diagnoses from Klamath
Medical Health Center, Mr. Lee's place of employment, which were
based on plaintiff's and his girlfriend's reports, rather than
diagnostic tests or objective medical evidence.    Id.

          In total, the ALJ provided sufficient reasons for her
conclusion that "given the claimant's lack of objective diagnostic
findings and minimal treatment, and the obvious manipulation of the
girlfriend, the opinion of KCMH therapist [Mr. Lee], that the
claimant is mentally unable to maintain gainful employment cannot
be accepted." Tr. 24.

///

///

///

///

///

///


10   - OPINION AND ORDER

**<u>CONCLUSION</u>**

The Commissioner's decision is based on substantial evidence, and therefore, affirmed.  This case is dismissed.

IT IS SO ORDERED.

Dated this  16  day of September 2008.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

11  - OPINION AND ORDER